

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JONATHAN O. WALTON,<br><br>      Plaintiff,<br><br>v.<br><br>TENNESSEE VALLEY AUTHORITY; DEFENDANTS A-Z, whether singular or plural, being those Defendants who or which have liability to the Plaintiff for any causes of action as a result of the accident of November 11, 2013, described below, whose true names and identities are otherwise unknown but who will be added by amendment when ascertained,<br><br>      Defendants. | Case No.: _____ |

# COMPLAINT

1.  Plaintiff, **Jonathan O. Walton,** is an adult resident of Limestone County, Alabama.

2.  Tennessee Valley Authority ("TVA") is a Federal corporation created pursuant to the Tennessee Valley Authority Act of 1933, 16 USC § 831.

3.  Fictitious party Defendants A through Z are the individuals and/or entities who or which caused or contributed to Plaintiff's damages and injuries described herein. The contents of the style of the complaint designating fictitious party Defendants A through Z are hereby incorporated by reference as if set out more fully herein. Fictitious party

practice is permitted pursuant to *Gaines v. Choctaw County Com's*, 242 F.Supp 2d 1153, 1166 (S.D. Ala. 2003).

4. This Court has jurisdiction over the Defendant TVA and this Plaintiff pursuant to 28 USC §§ 1331 and 1367.

5. This Court has jurisdiction over the Defendants pursuant to 28 USC §§ 1331 and 1332.

6. Unless otherwise noted, "Defendants" as used herein, it is meant to refer to all real and fictitious defendants described in the style of this Complaint.

7. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over the parties and the subject matter of this cause of action. The matter in controversy exceeds, exclusive of costs, the sum of Seventy-Five Thousand ($75,000) Dollars.

8. Venue is proper in this Court pursuant to 28 USC § 1391 as all acts and omission given rise to the cause of action confirm occurred within the Northern District of Alabama.

9. On November 11, 2013, Marcus Anthony Tate ("Tate") was employed by TVA. Mr. Tate, while acting within the scope of his TVA employment, was operating a 2013 Freightliner vehicle owned by TVA and was travelling in a southwesterly direction on Friendship Road in Morgan County, Alabama.

10. The TVA vehicle is a heavy-duty utility vehicle.

11. On that date, Plaintiff Jonathan O. Walton was a passenger in a vehicle traveling in a southeasterly direction on Highway 67.

12. TVA employee Marcus Tate ran a stop sign at the intersection of Friendship Road and Alabama Highway 67, Somerville, Morgan County, Alabama, causing a collision with the vehicle occupied by Plaintiff and Plaintiff's injuries.

13. Defendant's agent, Tate, negligently and/or wantonly pulled the TVA vehicle into the lane of travel of the vehicle occupied by Plaintiff. Mr. Tate failed to obey the stop sign, failed to yield the right of way and failed to keep a proper lookout.

14. The impact of the collision forced both vehicles off the roadway into the parking lot of Allen's Trailer Park, located at the southeast corner of Highway 67 and New Center Road.

15. After the collision, the TVA vehicle was lodged into the driver's side of the vehicle in which Plaintiff was a passenger.

16. As a result of the collision, the Plaintiff was injured and has incurred medical bills and charges, will incur medical bills in the future, and has been permanently injured.

## COUNT I NEGLIGENCE/WANTONNESS

17. Plaintiff realleges and adopts all of the foregoing paragraphs of the Complaint as if more fully set out herein.

18. Defendants negligently and/or wantonly caused and/or allowed a motor vehicle to strike, hit or collide with the vehicle in which Plaintiff Jonathan O. Walton was a passenger.

19. Defendants' actions constituted negligence *per se* for violating the Rules of the Road. The specific statutory duties with which Defendants were required to comply and violated, as applicable to the facts at bar, include the failures of Tate to obey a stop sign and to yield the right of way in violation of Ala. Code § 32-5A-112(b).

20. Said Defendants' negligence, negligence *per se* and/or wantonness combined and concurred to proximately cause the Plaintiff, Jonathan O. Walton, the following injuries:

(a) Plaintiff suffered permanent injuries to his body;

(b) Plaintiff suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future;

(c) Plaintiff has been caused to incur medical, doctor and drug expenses in the treatment of his injuries and will be caused to incur such expenses in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for compensatory damages and all legally recoverable damages in an amount the trier of fact deems fit and just under the circumstances, together with costs as allowed by law. Plaintiff demands such other and further relief as to the trier of fact deems proper and just.

/s/ David J. Hodge
_____
David J. Hodge (ASB-4617-171H)
Attorney for Plaintiff

/s/ Harvey B. Morris
_____
Harvey B. Morris (ASB-4569-R40H)
Attorney for Plaintiff

/s/ Joseph D. Aiello
_____
Joseph D. Aiello (ASB-5017-575A)
Attorney for Plaintiff

OF COUNSEL:
Morris, King & Hodge, P.C.
200 Pratt Avenue, NE
Huntsville, Alabama 35801
Phone: (256) 536-0588
Fax: (256) 533-1504
E-mail: dhodge@mkhlawyers.com

E-mail: hmorris@mkhlawyers.com
E-mail: jaiello@mkhlawyers.com

_____
Bingham D. Edwards (ASB-5241-R74B)
Attorney for Plaintiff

OF COUNSEL:
Edwards, Belser & Smith
123 Lee Street, NE, Suite A
Decatur, Alabama  35601

SERVE DEFENDANTS AS FOLLOWS BY CERTIFIED MAIL:

Civil Process Clerk
Office of the United States Attorney for the Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203

Hon. Eric H. Holder, Jr.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave NW Washington, D.C. 20530-0001

Ralph Rogers, General Counsel,
Tennessee Valley Authority,
400 W. Summit Hill Dr., WT7B-K,
Knoxville, Tennessee 37902